UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
LYDIA HOWRILKA,

                      Plaintiff,        COMPLAINT
                                         (Jury Trial Demanded)

   -against-
                                              15 Civ.

CITY OF NEW YORK, P.O. LAWRENCE
BOSCH, Shield No. Unknown, Tax Registry No.
933652, JOHN DOES 1 and 2, Shield Nos.
Unknown, Tax Registry Nos. Unknown,
ARISLEYDA URENA,

                      Defendants.
------------------------------------X

      Plaintiff Lydia Howrilka, by her attorney Scott A. Korenbaum, Esq., for her Complaint, alleges as follows:

## INTRODUCTION

      1.     Lydia Howrilka brings this action pursuant to, among other things, 42 U.S.C. § 1983, to redress the deprivation of her constitutional rights. On the morning of March 4, 2014, Ms. Howrilka was arrested by defendant Police Officer Bosch and charged with Aggravated Harassment in the Second Degree. This arrest was made without probable cause to believe she had committed a crime.

      2.     Ms. Howrilka also brings this action against defendant Arisleyda Urena. More specifically, Ms. Urena falsely accused Ms. Howrilka of committing crimes she did not commit, which led to her arrest.

## JURISDICTION AND VENUE

      3.     Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as Ms. Howrilka's claim arises under federal law. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to her

claims arising under the common law of the State of New York.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper as the acts complained of occurred in the State of New York, County of Kings.

## PARTIES

5. Ms. Howrilka is a citizen of the United States. She resides in the State of New York, County of Queens.

6. Defendant Police Officer Lawrence Bosch, Shield No. Unknown, Tax Registry No. 933652, was, at all times relevant herein, a member of the New York City Police Department (the "Department"). Upon information and belief, at all times relevant herein, he was assigned to the 84th Precinct.

7. Upon information and belief, Bosch is still a member of the Department. At all times relevant herein, he was acting within the scope of his employment and under color of law.

8. Defendants John Does 1-2 were, upon information and belief, members of the Department. Upon further information and belief, at all times relevant herein, they were assigned to the 84th Precinct.

9. Upon information and belief, defendants Does 1-2 are still members of the Department and still assigned to the 84th precinct. At all times relevant herein, they were acting within the scope of their employment and under color of law.

10. Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of defendants Bosch and Does 1-2.

11. Defendant Arisleyda Urena was, at all times relevant herein, the Principal of the Academy for Language and Technology ("ALT"), a school falling under the jurisdiction of the New York City Department of Education. Upon information and belief, Ms. Urena is a citizen of the State of New York.

## ADMINISTRATIVE PREREQUISITES

12. On May 30, 2014, Ms. Howrilka filed a timely Notice of Claim with defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law.

13. At least thirty days have elapsed since Ms. Howrilka filed her Notice of Claim and adjustment or payment thereof has been neglected or refused. This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

## FACTS UNDERLYING THE COMPLAINT

14. At all times relevant to this Complaint, Ms. Howrilka held the position of probationary social studies teacher at ALT. She began her tenure at ALT in August 2012.

15. While Ms. Howrilka was a probationary social studies teacher, Ms. Urena was the Principal of ALT. In her capacity as teacher, Ms. Howrilka became aware of misconduct on the part of Ms. Urena.

16. Such misconduct included allegations of budget irregularities and fraud based on student transcripts and fraudulent teacher mentoring hours at ALT. As a result, Ms. Howrilka filed reports with the Special Commissioner of Investigation ("SCI") and the Office of Special Investigations ("OSI") against Ms. Urena.

17. Ms. Howrilka also discussed via the internet her concerns with Ms. Urena's

-3-

actions. In these e-mails, she (Howrilka) accused Ms. Urena of misconduct in her (Urena's) capacity as Principal of ALT.

18. In retaliation for her complaints of her misconduct, Ms. Urena falsely accused Ms. Howrilka of threatening her via the internet. Upon information and belief, Ms. Urena spoke with Officer Bosch about Ms. Howrilka's "threats."

19. The "threats" that Ms. Urena conveyed to Bosch represented classic speech protected by the First Amendment to the United States Constitution. They did not convey any past, present or future acts of harm. To the contrary, they simply exposed Ms. Urena's acts of misconduct.

20. Upon information and belief, Ms. Urena implored Bosch and other members of the Department to arrest and prosecute Ms. Howrilka. Ultimately, her (Urena's) efforts succeeded.

21. Defendant Bosch, in consultation with Does 1 and 2, determined that probable cause existed to arrest Ms. Howrilka for the crime of Aggravated Harassment in the Second Degree. However, nothing about Ms. Howrilka's internet postings should have given rise to this conclusion.

22. Ultimately, Bosch advised Ms. Howrilka that she was going to be arrested. He allowed her, however, to surrender herself, which she did on the morning of March 4, 2014.

23. On the morning of March 4, 2014, Ms. Howrilka went to the 84th precinct to turn herself in. Once inside the 84th precinct, Bosch and other members of the 84th precinct subjected her to a search. The laces from her shoes were removed and Ms. Howrilka was placed in a holding cell.

24. Ms. Howrilka remained in a holding cell within the 84th precinct for approximately seven hours. Her fingerprints and mug shot were taken.

25. At approximately 6:00 p.m., Ms. Howrilka was taken to Kings County Central Booking, where she sat until approximately a little after midnight on March 5, 2014, when she was released pre-arraignment from Central Booking.

FIRST CLAIM FOR RELIEF
(Municipal Defendants – False Arrest)

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25, as if fully set forth herein.

27. On March 4, 2014, defendants Bosch and Does 1-2 arrested Ms. Howrilka within the meaning of the Fourth Amendment.

28. These defendants lacked probable cause to believe that Ms. Howrilka had committed any crime. Put simply, Ms. Howrilka did not engage in any conduct that warranted her arrest and/or detention, and these defendants knew, or should have known, that she did not engage in any conduct that warranted her arrest and/or detention.

29. As a result of these defendants' conduct, Ms. Howrilka was detained, and at all times she knew she was detained. Moreover, Ms. Howrilka did not consent to her confinement.

30. Because these defendants lacked probable cause to believe that Ms. Howrilka had committed a crime, the arrest and/or seizure of Ms. Howrilka was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

31. As a result of her arrest by these defendants, Ms. Howrilka has suffered psychological injuries.

## SECOND CLAIM FOR RELIEF
(Municipal Defendants – False Arrest Under State Law)

32. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31, as if fully set forth herein.

33. On March 4, 2014, defendants Bosch and Does 1-2 arrested Ms. Howrilka.

34. These defendants lacked probable cause to believe that Ms. Howrilka had committed any crime. Put simply, Ms. Howrilka did not engage in any conduct that warranted her arrest and/or detention, and these defendants knew, or should have known, that she did not engage in any conduct that warranted her arrest and/or detention.

35. As a result of these defendants' conduct, Ms. Howrilka was detained, and at all times she knew she was detained. Moreover, Ms. Howrilka did not consent to her confinement.

36. Because these defendants lacked probable cause to believe that Ms. Howrilka had committed a crime, the arrest and/or seizure of Ms. Howrilka was not justified or otherwise privileged.

37. As the employer of defendants Bosch and Does 1-2, defendant City is responsible for the harm Ms. Howrilka has suffered as a result of these defendants' conduct pursuant to the doctrine of *respondeat superior*.

## THIRD CLAIM FOR RELIEF
(Defendant Urena – False Arrest/False Imprisonment)

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37, as if fully set forth herein.

39. Defendant Urena falsely accused Ms. Howrilka of committing crimes.

40. As a result of her false accusations, Ms. Howrilka was arrested.

41.  As a result of Urena's conduct, Ms. Howrilka has suffered psychological harm.

### PRAYER FOR RELIEF

**WHEREFORE**, Ms. Howrilka prays for the following relief:

(a) compensatory damages in an amount to be determined at trial;

(b) punitive damages in an amount to be determined at trial;

(c) reasonable attorneys' fees;

(d) costs and expenses; and

(e) such other and further relief as is just and proper.

Dated: New York, New York
       March 4, 2015

> SCOTT A. KORENBAUM, ESQ.
> Attorney for Plaintiff
> 11 Park Place, Suite 914
> New York, New York 10007
> (212) 587-0018
>
> By: _____
>     Scott A. Korenbaum