UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LYDIA HOWRILKA,

                                  Plaintiff,

        -against-

CITY OF NEW YORK, P.O. LAWRENCE BOSCH, Shield No. Unknown, Tax Registry No. 933652, JOHN DOES 1 and 2, Shield Nos. Unknown, Tax Registry Nos. Unknown, ARISLEYDA URENA,

                                  Defendants.
------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT BY CITY OF NEW YORK AND LAWRENCE BOSCH**

15-CV-1113 (KAM) (RER)

**Jury Trial Demanded**

      Defendants City of New York and Sergeant Lawrence Bosch,[1] (the "Municipal Defendants") by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows.

      1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that the Plaintiff was arrested on March 4, 2014, and charged with violating N.Y. Penal Law § 240.30 (01) (Aggravated Harassment in the Second Degree) and that Plaintiff purports to invoke the jurisdiction of the Court and proceed as stated therein.

      2.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint except admit that Plaintiff purports to sue Arisleyda Urena as stated therein.

---

[1] Defendant Bosch was promoted to Sergeant subsequent to the arrest alleged in the Complaint. He is referred to herein at his present rank.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that the Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that the plaintiff purports to base venue as stated therein.

5. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Defendant Lawrence Bosch is a member of the New York City Police Department and that he was assigned to the 84th Precinct and held the rank of Police Officer on March 4, 2014.

7. Admit the allegations set forth in paragraph "7" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

8. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York, further admit that on March 4, 2014, Defendant Bosch was employed by the City of New York; and further deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning the Doe defendants.

11. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admit that the Academy for

Language and Technology ("ALT") is a school operated by the New York City Department of Education.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that on or about May 30, 2014, the Office of the New York City Comptroller received a document purporting to be a notice of claim on behalf of Plaintiff Lydia Howrilka.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that the Complaint in this action was filed on or about March 4, 2015, and further admit that no adjustment or payment has been made on the claims asserted therein.

14. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint, except admit that on or about February 21, 2014, Defendant Urena made a complaint to the NYPD, that the NYPD began an investigation of the allegations by Ms. Urena, and that in the course of that investigation Defendant Bosch spoke to Ms. Urena on one or more occasions.

19. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that Defendant Bosch reasonably determined that probable cause existed to arrest Plaintiff for the crime of Aggravated Harassment in the Second Degree; except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning the Doe Defendants, and further deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning the substance of any "internet postings" insofar as those allegations contain averments of fact; insofar as the allegations concerning the substance of any "internet postings" contain conclusions of law, no response is required.

22. Admit the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint, except admit that on March 4, 2014, Plaintiff was arrested inside of the 84th Precinct in Queens, and that she was searched incident to the lawful arrest.

24. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint, except admit that Plaintiff was held at the 84th Precinct from approximately 10:40 a.m. to approximately 7:15 p.m. on March 4, 2014, and that Plaintiff's arrest was processed at the 84th Precinct.

25. Deny the allegations set forth in paragraph "25" of the Complaint, except admit that Plaintiff was transported to Brooklyn Central Booking at approximately 7:15 p.m. on March

4, 2014, and further admit that Plaintiff was released prior to arraignment at or about 11:30 p.m. on March 4, 2014.

26. In response to the allegations set forth in paragraph "26" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the Complaint insofar as it contains averments of fact, except admit that Defendant Bosch arrested Plaintiff on March 4, 2014; insofar as paragraph "27" contains conclusions of law, no response is required.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint, except admit that Plaintiff was detained pursuant to arrest.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. In response to the allegations set forth in paragraph "32" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that Defendant Bosch arrested Plaintiff on March 4, 2014.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint, except admit that Plaintiff was detained pursuant to arrest.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning the Doe Defendants.

38. In response to the allegations set forth in paragraph "38" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

39. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

42. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

43. To the extent Plaintiff purports to state any claims under state law, such claims may be barred, in whole or in part for failure to comply with conditions precedent to suit under New York General Municipal Law Sections 50-e et seq.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

44. This action may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

45. There was probable cause for Plaintiff's arrest, detention and search.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

46. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, or the intervening culpable or negligent conduct of parties for whom the City of New York is not responsible, and was not the proximate result of any act of the Municipal Defendants.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

47. Defendant Bosch has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has he violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

48. Defendant Bosch has not violated any clearly established constitutional or statutory right which a reasonable person would have known and, therefore, is protected by qualified immunity.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

49. At all times relevant to the acts alleged in the complaint, Defendant Bosch acted reasonably in the proper and lawful exercise of his discretion.

**WHEREFORE**, defendants City of New York and Sergeant Bosch request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 26, 2015

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City and Bosch*
100 Church Street
New York, New York 10007
(212) 356-2661

By: _____
Tobias E. Zimmerman
*Assistant Corporation Counsel*

cc: Scott A. Korenbaum, Esq. (**via ECF**)
*Attorney for Plaintiff*

Timothy C. Parlatore, Esq. (**via ECF** and **Email**)
*Attorney for Defendant Urena*