THE LAW OFFICES OF

# SCOTT A. KORENBAUM

11 Park Place, Suite 914
New York, New York 10007
Tel: (212) 587-0018     Fax: (212) 658-9480

May 26, 2015

BY ECF

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. S905
Brooklyn, NY 11201

   Re: Howrilka v. City of New York, et al.
      15 CV1113 (KAM) (RER)

Dear Judge Matsumoto:

  I represent plaintiff Lydia Howrilka. I write in response to the May 26, 2015 letter of Timothy C. Parlatore, Esq. (the "Parlatore letter"), counsel for defendant Arisleyda Urena. Mr. Parlatore requests a pre-motion conference to address his anticipated motion to dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and to adjourn the initial Rule 16 Conference, presently scheduled for Thursday, May 28th. Because Ms. Howrilka will be quite prejudiced if the Rule 16 Conference is adjourned without date, I write to request that the Court permit Thursday's conference to proceed as scheduled – in accordance with the Court's Individual Practices, I will address in a subsequent letter why Ms. Urena's anticipated motion is without merit.

  If the Court adjourns the Rule 16 Conference without date, and assuming that the parties stick to the motion schedule contained in the Parlatore letter (a dubious proposition in my experience) and the Court rules on the motion to dismiss within two months, more than seven months will elapse without any discovery since Ms. Howrilka commenced this action on March 4, 2015, and Ms. Howrilka promptly served the City of New York on March 5th, Police Officer Bosch on March 21st, and Ms. Urena on March 30th.[1] Equally important, since Ms. Howrilka's

---

[1] In response to the City's request, Magistrate Judge Reyes extended the municipal defendants' time to respond to the Complaint until May 25th, and scheduled the Initial Rule 16 Conference for May 27, 2015 – at my request it was adjourned until May 28th. As the Court can see from Mr. Parlatore's letter, Ms. Urena has yet to respond to the Complaint – given the City's time to respond to the Complaint was extended until May 25th, I told Mr. Parlatore that I had no objection if he responded to the Complaint at the same time.

claim sounds in false arrest against all defendants, and because she adamantly denies the claims contained in Mr. Parlatore's letter, Ms. Howrilka needs discovery from the municipal defendants to ascertain what Ms. Urena told the police about her (Howrilka's) allegedly threatening conduct, and the opportunity to challenge her (Urena's) contentions.  Yet, adjourning Thursday's Rule 16 Conference until the resolution of Urena's (not the City defendants') motion to dismiss will deprive Ms. Howrilka of the right to conduct any discovery.

The Court should also deny the request to adjourn because Ms. Howrilka will be seeking discovery from Ms. Urena regardless of the resolution of her motion.  The parties agree that it was Ms. Urena's complaint(s) to the NYPD that caused Ms. Howrilka to be arrested.  Even if she were not a defendant, Ms. Howrilka would be seeking the same discovery from Ms. Urena regardless of her identity as a party.  Thus, the typical reasons why district courts stay discovery pending a Rule 12(b)(6) motion, to save the moving party the time and expense of discovery, are not present here.

Finally, Ms. Urena will not be prejudiced if the Rule 16 Conference is held on Thursday.  She can still move to dismiss in accordance with the schedule laid out in Mr. Parlatore's letter, and Magistrate Judge Reyes can address her concerns on Thursday.

For the foregoing reasons, Ms. Howrilka submits that the Court should deny Mr. Parlatore's request to adjourn the Rule 16 Conference scheduled for May 28, 2015.  Thank you for your consideration of these matters.

Respectfully submitted,

/s

Scott A. Korenbaum

SAK:sak

cc: Defense Counsel (by ECF)