THE LAW OFFICES OF

# SCOTT A. KORENBAUM

**11 Park Place, Suite 914**
**New York, New York 10007**
Tel: (212) 587-0018          Fax: (212) 658-9480


May 28, 2015


VIA ECF


Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. S905
Brooklyn, NY 11201

> Re:    Howrilka v. City of New York, et al.
>        CV 15-1113 (KAM) (RER)

Dear Judge Matsumoto:

I represent plaintiff Lydia Howrilka.  By letter dated May 26, 2015, filed on May 27th, I wrote to oppose defendant Urena's request for an adjournment of the May 28, 2015 Rule 16 Conference.  Magistrate Judge Reyes has adjourned the conference until June 23, 2015.  I now write in response to the May 26, 2015 letter of Timothy C. Parlatore, Esq. (the "Parlatore letter"), counsel for defendant Urena, in which he requests a pre-motion conference in connection with his plans to move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Ms. Urena's motion is meritless.

A. The Complaint.

In her Complaint, Ms. Howrilka details how, while a probationary teacher at the Academy for Language and Technology ("ALT"), she became aware of misconduct on the part of Ms. Urena, who was the Principal of ALT.  Complaint ("Comp.") at ¶ 15.  Such misconduct included allegations of budget irregularities and fraud based on student transcripts and fraudulent teacher mentoring hours at ALT.  As a result, Ms. Howrilka filed reports with the Special Commissioner of Investigation ("SCI") and the Office of Special Investigations ("OSI") against Ms. Urena.  Ms. Howrilka also discussed via the internet her concerns with Ms. Urena's actions. In these e-mails, she (Howrilka) accused Ms. Urena of misconduct in her (Urena's) capacity as Principal of ALT.  Comp. at  ¶¶ 16-17.

Ms. Howrilka's actions represented classic speech protected by the First Amendment to the United States Constitution.  They did not convey any past, present or future acts of harm.  To the contrary, they simply exposed Ms. Urena's acts of misconduct.  Comp. at ¶ 18.  Nonetheless, Ms. Urena went to the police and falsely accused Ms. Howrilka of threatening her via the

Hon. Kiyo A. Matsumoto
May 28, 2015
Page 2

internet.  Ultimately, as a result of Urena's imploring, Police Officer Bosch arrested Ms. Howrilka on March 4, 2014.  Comp. at ¶¶ 18, 20-21.

B. Defendant's Arguments.

Ms. Howrilka seeks to hold the Urena liable on the ground that she falsely arrested her.  Specifically, she alleges that Urena's false accusations of criminality caused her arrest.

The elements of the tort of false arrest are well-known.  Ms. Howrilka must establish that she was confined, that she was conscious of her confinement, that she did not consent to the confinement, and that the confinement was not otherwise privileged.  *See, e.g., Broughton v. State of New York*, 37 N.Y.2d 451, 456 (1975); *Oakley v. City of Rochester*, 71 A.D.2d 15, 18 (4th Dep't 1979), *aff'd*, 51 N.Y.2d 908 (1980).  As Urena acknowledges, only the last element of the claim, whether probable cause existed to believe Ms. Howrilka had committed a crime, is at issue.  Parlatore letter at 2.

Here, the Complaint establishes that Ms. Howrilka was arrested as a result of Urena falsely accusing her of threatening her.  Where, as is the case is here, a pleading establishes that a person falsely accuses a person of having committed a crime, which causes the police to arrest the innocent party, the accuser can be held liable for the tort of false arrest.  Donnelly v. Morace, 162 A.D.2d 247, 248, 556 N.Y.S.2d 605, 607 (1ˢᵗ Dep't 1990) ("a cause of action is asserted against a private party for an unlawful imprisonment carried out by the authorities wherein it is alleged that such party instigated the arrest").  See Brown v. Nassau Co., 306 A.D.2d 303, 303 760 N.Y.S.2d 655, 656 (2d Dep't 2003); Warner v. Druckier, 266 A.D.2d 2, 3, 697 N.YS.2d 610, 611 (1ˢᵗ Dep't 1999).

Urena alleges that "Plaintiff acknowledges that she sent numerous emails accusing Ms. Urena of misconduct and that Ms. Urena communicated these threats to Officer Bosch."  Parlatore Letter at 2.  This mischaracterizes the Complaint.  The Complaint does not acknowledge any "threats"; rather, it makes clear that Ms. Howrilka engaged in speech protected by the First Amendment.  For these reasons, Ms. Howrilka could not have run afoul of any of the Penal Law sections referenced at page 2 of the Parlatore letter.

The Complaint also makes clear that "Urena falsely accused Ms. Howrilka of committing crimes."  Comp. at ¶ 39.  In addition to the allegations contained in the Complaint regarding "threats," which were not threats at all, the Parlatore letter sheds light on what additional false accusations Urena may have conveyed:

> As Ms. Howrilka's bizarre and obsessive behavior continued to escalate, Ms. Urena began to have legitimate fears for her employment, her safety, and the safety of her family. It was after Ms. Howrilka began calling Ms. Urena's home and speaking to Ms. Urena's young son that Ms. Urena decided to act by contacting

Hon. Kiyo A. Matsumoto
May 28, 2015
Page 3

    the New York City Police Department.

Parlatore Letter at 1.  Ms. Howrilka adamantly denies making such contact.

  For the foregoing reasons, any motion to dismiss filed by Urena will be meritless.  I look forward to discussing these issues, and others, at a pre-motion conference.

  Thank you for your consideration of these matters.

           Respectfully submitted,

            /s

           Scott A. Korenbaum

SAK:sak

cc: Tobias Zimmerman, Esq. (by ECF)
   Timothy C. Parlatore, Esq. (by ECF)