UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
LYDIA HOWRILKA,

                            Plaintiff,

      -against-                                    15 CV 1113 (KAM)

CITY OF NEW YORK, *et al.*,

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

<u>PLAINTIFF LYDIA HOWRILKA'S RESPONSES TO THE
COUNTERCLAIMS OF DEFENDANT ARISLEYDA URENA</u>

      Plaintiff Lydia Howrilka, for her Answer to the counterclaims of defendant Arisleyda Urena, responds as follows:

      1.      Denies the allegations contained in paragraph 1 of the Counterclaims.

      2.      Admit the allegations contained in paragraph 2 of the Counterclaims.

      3.      Denies the allegations contained in paragraph 3 of the Counterclaims.

      4.      Denies the allegations contained in paragraph 4 of the Counterclaims.

      5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Counterclaims, except admits her employment was discontinued in July 2013..

      6.      Denies the allegations contained in paragraph 6 of the Counterclaims.

      7.      Denies the allegations contained in paragraph 7 of the Counterclaims.

      8.      Denies the allegations contained in paragraph 8 of the Counterclaims.

      9.      Denies the allegations contained in paragraph 9 of the Counterclaims, except admits that she filed FOIL requests to assist her in connection with her Article 78 proceeding.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Counterclaims, except denies the third sentence contained in paragraph 10 of the Counterclaims.

11. Denies the allegations contained in paragraph 11 of the Counterclaims.

12. Denies the allegations contained in paragraph 12 of the Counterclaims.

13. Denies the allegations contained in paragraph 13 of the Counterclaims.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Counterclaims.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Counterclaims, except admit that plaintiff was arrested on March 4, 2014.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Counterclaims regarding the reasons the District Attorney's Office declined to prosecute Ms. Howrilka.

17. Denies the allegations contained in paragraph 17 of the Counterclaims.

18. Denies the allegations contained in paragraph 18 of the Counterclaims.

19. Denies the allegations contained in paragraph 19 of the Counterclaims.

20. Denies the allegations contained in paragraph 20 of the Counterclaims.

21. Denies the allegations contained in paragraph 21 of the Counterclaims.

22. Denies the allegations contained in paragraph 22 of the Counterclaims.

\       23. For her response to paragraph 23 of the Counterclaims, repeats and realleges her responses to paragraphs 1 through 22 of the Counterclaims as if set forth fully herein.

24. Denies the allegations contained in paragraph 24 of the Counterclaims.

25. Denies the allegations contained in paragraph 25 of the Counterclaims.

26. Denies the allegations contained in paragraph 26 of the Counterclaims.

27. Denies the allegations contained in paragraph 27 of the Counterclaims.

28. Denies the allegations contained in paragraph 28 of the Counterclaims.

29. Denies the allegations contained in paragraph 29 of the Counterclaims.

30. Denies the allegations contained in paragraph 30 of the Counterclaims.

31. Denies the allegations contained in paragraph 31 of the Counterclaims.

32. Denies the allegations contained in paragraph 32 of the Counterclaims.

33. Denies the allegations contained in paragraph 33 of the Counterclaims.

34. For her response to paragraph 34 of the Counterclaims, repeat and reallege their responses to paragraphs 1 through 33 of the Counterclaims as if set forth fully herein.

35. Denies the allegations contained in paragraph 35 of the Counterclaims.

36. Denies the allegations contained in paragraph 36 of the Counterclaims.

37. Denies the allegations contained in paragraph 37 of the Counterclaims.

38. Denies the allegations contained in paragraph 38 of the Counterclaims.

39. Denies the allegations contained in paragraph 39 of the Counterclaims.

40. Denies the allegations contained in paragraph 40 of the Counterclaims.

## FOR A FIRST AFFIRMATIVE DEFENSE

41. Urena's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOR A SECOND AFFIRMATIVE DEFENSE

42. Any allegedly defamatory statements made of and concerning Urena were true or substantially true, or were a matter of opinion and was, therefore, absolutely protected under the First and Fourteenth Amendments to the United States Constitution and by Article I, § 8 of the New York State Constitution.

## FOR A THIRD AFFIRMATIVE DEFENSE

43. Any allegedly defamatory statements claimed to have been made of and concerning Urena were within the sphere of legitimate public interest and concern and were reasonably related to matters warranting public exposition.

## FOR A FOURTH AFFIRMATIVE DEFENSE

44. Urena will not be able to establish that Ms. Howrilka acted with malice; as such, she is not entitled to punitive damages.

## FOR A FIFTH AFFIRMATIVE DEFENSE

45. If Ms. Howrilka is responsible for any damages suffered by Urena, the amount of damages suffered by Urena must be reduced because, upon information and belief, she has failed to mitigate her damages.

## FOR A SIXTH AFFIRMATIVE DEFENSE

46. Any allegedly defamatory statements are qualifiedly privileged.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

47. As a public figure, or a limited purpose public figure, Urena must establish malice in order to prevail on her claims.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

48.	Urena's counterclaims fail to state a claim upon which relief may be granted.


Dated:	August 3, 2015
	New York, New York

	                              SCOTT A. KORENBAUM, ESQ.
	                              Attorney for plaintiff Lydia Howrilka
	                              11 Park Place, Suite 914
	                              New York, New York 10007
	                              (212) 587-0018


	                              By: _____/s_____
	                                    Scott A. Korenbaum