

ZACHARY W. CARTER
Corporation Counsel

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

TOBIAS E. ZIMMERMAN
phone: (212) 356-2661
fax: (212) 356-3509
tzimmerm@law.nyc.gov

June 21, 2016

**VIA ECF**

Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Lydia Howrilka v. City of New York, et al.
                 15-CV-1113 (KAM) (RER)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to represent the City of New York and Police Officer Bosch ( "City Defendants") in the above-referenced matter. Defendants write pursuant to Local Civil Rule 37.3(c) to request an order compelling Plaintiff to immediately respond to the City Defendants' written discovery demands and to appear for a deposition at the soonest practicable date. City Defendants also request that Plaintiff be sanctioned, in the form of preclusion from taking Defendants' depositions, for failing to cooperate in discovery in this action. Counsel for City Defendants has conferred with Timothy C. Parlatore, Esq., counsel for Defendant Arisleyda Urena, and he concurs in the requested sanction. City Defendants' efforts to meet and confer with Plaintiff's counsel are described below.

      Plaintiff Lydia Howrilka was previously employed as a probationary teacher at the Academy for Language and Technology, a public high school located in the Bronx. Plaintiff was fired from her position during the 2012-2013 school year by Defendant Arisleyda Urena, who was the principal of the school at that time. On or about February 21, 2014, Ms. Urena filed a complaint with NYPD, alleging that Plaintiff had been harassing her, including calling her home. Ms. Urena's husband also reported that Plaintiff had been calling their home. On March 4, 2014, Plaintiff turned herself in at the 84th Precinct and was arrested and charged with Aggravated Harassment. The Kings County District Attorney's Office declined to prosecute the charges, and Plaintiff was released from custody after approximately thirteen hours.

      An Initial Conference was held before Your Honor on June 23, 2015, and a deadline of December 15, 2015 for all discovery was established. The Court conducted a telephonic status conference on September 23, 2015, at which time it ordered the City Defendants to: (1) serve

their discovery demands on Plaintiff that same day; and (2) respond to Plaintiff's discovery demands by October 2, 2016.

In accordance with the Court's Order, on September 10, 2015, City Defendants served Plaintiff's counsel with Interrogatories and Requests for Production. On October 2, 2015, City Defendants served Plaintiff with their Objections and Responses to Plaintiff's written discovery demands. On October 16, 2015, pursuant to prior discussions, counsel for City Defendants sent a proposed Stipulation and Order of Confidentiality to Plaintiff and co-Defendant's counsel, and requested they execute that stipulation.[1]

On December 22, 2015, Plaintiff submitted a letter to the Court in which Plaintiff acknowledged receipt of the City Defendants' discovery responses; requested an extension, to January 8, 2016, to respond to the City Defendants' written discovery demands; and requested a three month extension of time to complete discovery. *See* ECF No. 27. By Minute Order dated December 22, 2015, the Court extended fact discovery to March 25, 2016. However, to date Plaintiff has not responded to the City Defendants' written discovery demands.

On February 24, 2016, City Defendants emailed both Plaintiff's counsel, Scott A. Korenbaum, Esq., and co-Defendant's counsel, Mr. Parlatore, and requested that they provide potential dates for depositions of Plaintiff and Ms. Urena. Plaintiff's counsel did not respond to that request. On March 7, 2016, City Defendants served Plaintiff's counsel with a Deposition Notice for Plaintiff to appear at our Offices on March 30, 2016.[2] Plaintiff's counsel did not respond even to acknowledge receipt of the notice.

On March 22, 2016, Plaintiff wrote to both defense counsel, attaching a draft letter to the Court requesting "a second – and final – three month extension of the discovery deadline." Defendants responded immediately, saying that they would not object to the requested extension in light of Mr. Korenbaum's representation of personal issues, but requested that the motion not be couched as a "joint" motion. Defendants also requested that Mr. Korenbaum confirm the depositions noticed for the following week. However, while Mr. Korenbaum made the requested change to the letter motion he filed, *see* ECF No. 28, he did not respond at that time regarding the depositions. The Court granted Plaintiff's motion that same day, extending the discovery deadline to Friday June 24, 2016.

On Monday March 28, 2016, Ms. Urena's counsel again followed up with Plaintiff's counsel asking whether the depositions would occur as scheduled on Wednesday March 30th. Mr. Korenbaum responded that same day to say that the depositions would not be proceeding on the noticed date, and promising to "be in touch later this week." However, Mr. Korenbaum did

---

[1] To avoid unnecessary delay, the City Defendants had already produced confidential documents, including some marked "Attorneys' Eyes Only", with the understanding that the parties would enter into the Stipulation of and Order of Confidentiality in short order.

[2] By that time, the earliest both undersigned counsel and Mr. Parlatore could be available for depositions was the week of March 28, 2016, which was one week after the then-scheduled close of discovery. In consultation with Mr. Parlatore, the City Defendants noticed Plaintiff, Ms. Urena, and Ms. Urena's husband for depositions on March 30, 2016.

not follow-up to reschedule those depositions.  On May 10, 2016, counsel for the City Defendants emailed Mr. Korenbaum asking him to provide dates for depositions "as soon as possible."  Mr. Korenbaum did not respond to that email.  Undersigned counsel followed-up by telephone over the next several weeks, leaving messages, but receiving no response from Mr. Korenbaum.

On Monday June 13, 2016, with less than two weeks to go before the twice-rescheduled discovery deadline, the City Defendants sent Mr. Korenbaum an email setting forth Plaintiff's failure to respond to written discovery, the failure to endorse the Stipulation and Order of Confidentiality, and the lack of cooperation in scheduling depositions.  City Defendants asked Mr. Korenbaum to respond by 5:00 p.m. on Tuesday June 14, 2016, as to whether Plaintiff was willing to voluntarily withdraw her claims in light if this dilatory conduct.  Once again, no response was forthcoming.

On Wednesday June 15th, City Defendants attempted to contact Mr. Korenbaum by telephone to meet and confer on the outstanding discovery issues.  Counsel was finally able to connect with Mr. Korenbaum by telephone on Thursday June 16th, at which time Mr. Korenbaum advised counsel for the City Defendants that Plaintiff is not willing to voluntarily withdraw her claims at this time.  When City Defendants noted Plaintiff's failure to respond to written discovery demands, Mr. Korenbaum stated that he would provide those by Monday June 20, 2016.  Mr. Korenbaum also stated that he would provide dates "in July" for depositions.  As of the time of this letter, the City Defendants have not received any discovery response from Plaintiff, nor has Plaintiff's counsel provided potential dates for Plaintiff's deposition.  Plaintiff has also not returned the signed Stipulation and Order of Confidentiality.

The City Defendants therefore request that the Court order Plaintiff to: (1) immediately respond in full to the City Defendants' written discovery, and find that Plaintiff has waived all objections to that discovery; (2) appear for a deposition at the earliest date and time mutually available to both defense counsel; (3) immediately return the executed Stipulation and Order of Confidentiality to counsel for the City Defendants or else certify the return or destruction of all confidential documents that the City Defendants produced in the good faith belief that the formal Stipulation and Order of Confidentiality would be executed promptly.

Finally, The City Defendants further move that discovery be extended by one month, to and including Friday July 22, 2016, <u>for the limited purpose of completing the deposition of Plaintiff</u>, and that Plaintiff be precluded from taking depositions in this case due to her dilatory conduct, as described herein.  City Defendants also ask the Court to deem any objections Plaintiff can raise in her discovery responses as waived.  *See Likver v. United Health Grp., Inc.*, No. 05-CV-5014 (DLI) (RER), 2008 U.S. Dist. LEXIS 6898, at *6 (E.D.N.Y.) (citing *Williams v. National Housing Exchange Inc.*, 165 F.R.D. 405, 409 (S.D.N.Y. 1996)).  Finally, the City Defendants request that the deadline for submission of pre-motion letters and all other dates on the calendar be extended accordingly.

- 4 -

City Defendants thank the Court for its attention to this matter.

Respectfully submitted,

Tobias E. Zimmerman
*Senior Counsel*
Special Federal Litigation Division

cc: Scott A. Korenbaum, Esq. (**via ECF**)
*Attorney for Plaintiff*

Timothy C. Parlatore, Esq. (**via ECF**)
*Attorney for Defendant Arisleyda Urena*