THE LAW OFFICES OF
# SCOTT A. KORENBAUM
11 Park Place, Suite 914
New York, New York 10007
Tel: (212) 587-0018     Fax: (212) 658-9480

June 24, 2016

BY ECF

Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. N208
Brooklyn, NY 11201

    Re: Howrilka v. City of New York, et al.
       15 CV1113 (KAM) (RER)

Dear Magistrate Judge Reyes:

  I represent Ms. Lydia Howrilka. I write in response to the June 21, 2016 letter of Tobias Zimmerman, Esq., counsel for the municipal defendants. For the reasons discussed below, defendants' request for sanctions should be denied.

  Mr. Zimmerman seeks an Order requiring that plaintiff "immediately respond in full to the City Defendants' written discovery, and find that Plaintiff has waived all objections to that discovery[.]" Yesterday, I served defendants with Ms. Howrilka's discovery responses to the municipal defendants' discovery demands – Ms. Urena has not served any discovery demands. Included in Ms. Howrilka's production were 157 pages of responsive information. While I posed objections to certain discovery demands, I withheld a few documents on the ground of attorney-client privilege, which I detailed on a privilege log. I also objected to demands, whether interrogatories or documents, that related to damages on the ground that they were not reasonably calculated to lead to the discovery of admissible evidence. For example, Ms. Howrilka is not seeking damages for lost income. Similarly, she is only seeking garden variety emotional distress damages. Thus, there is no reason to issue an Order finding "that Plaintiff has waived all objections to that discovery[.]"

  Mr. Zimmerman seeks an Order requiring that plaintiff "appear for a deposition at the earliest date and time mutually available to both defense counsel." I have spoken with Ms. Howrilka and obtained dates for her availability. Similarly, he requests that I "immediately return the executed Stipulation and Order of Confidentiality to counsel for the City Defendants or else certify the return or destruction of all confidential documents that the City Defendants produced in the good faith belief that the formal Stimulation and Order of Confidentiality would

Hon. Ramon E. Reyes, Jr.
June 24, 2016
Page 2

be executed promptly." I will do so. I note that I have not violated the terms of the proposed Stipulation.

Finally, on behalf of Ms. Howrilka, I obviously have no objection to the discovery deadlines being extended. I cannot agree, however, that 'Plaintiff be precluded from taking depositions in this case due to [my][1] dilatory conduct." On behalf of Ms. Howrilka, I need to conduct four depositions: (1) defendant Bosch; (2) Ms. Urena; (3) her son, who Ms. Urena alleges spoke with Ms. Howrilka on the telephone when Ms. Howrilka allegedly called her at home; and (4) a member of the New York City Department of Education who can discuss the reasons surrounding the separation of Ms. Urena's employment from the Department of Education.

The Municipal Defendants will not be prejudiced if I am permitted to conduct these depositions. Following her arrest, Ms. Howrilka was released from custody pre–arraignment. As her document production reveals, she does not possess any documents relating to her arrest save for a letter from the Kings County District Attorney's Office reflecting its decision not to prosecute her.[2] In other words, the Municipal Defendants possessed all the information relating to the reasons why defendant Bosch believed he had probable cause to arrest Ms. Howrilka.

As detailed by Mr. Zimmerman in his letter at page 1, defendant Bosch arrested Ms. Howrilka in response to the accusations of Ms. Urena. My deposition of defendant Bosch will be short – I predict it will not even last three hours. I have no interest in exploring his disciplinary history, or other potentially extraneous information. As for the depositions of Ms. Urena and her son, unless Ms. Urena claims that she never told defendant Bosch that Ms. Howrilka called her at home, which based on everything I know will not be the case, there is little that will transpire at the depositions of Ms. Urena and her son that will effect defendant Bosch's rights.

Ms. Urena also cannot establish prejudice. She is the complaining witness. She knows what she claims Ms. Howrilka did or did not do. In short, there cannot be any claim of prejudice regarding the fact that Ms. Howrilka needs to conduct her deposition. Equally important, while Ms. Urena served a counterclaim alleging that Ms. Howrilka defamed her following Ms. Howrilka's separation of employment from the Department of Education and following her arrest, Ms. Urena has not served any discovery requests, and has not served any initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

I also need to conduct a very short deposition of Ms. Urena's son. Through conversations

---

[1] I have been dilatory, not Ms. Howrilka.

[2] Ms. Howrilka also obtained through FOIL her arrest paperwork. It was redacted in material respects. It does not appear to be different in kind from that produced by the City defendants.

Hon. Ramon E. Reyes, Jr.
June 24, 2016
Page 3

with Mr. Zimmerman, and as noted in the police paperwork, defendant Bosch considered significant that Ms. Urena told him that Ms. Howrilka called her home and spoke with her son, a fact that Ms. Howrilka adamantly denies.  In her discovery responses, Ms. Urena identified her son, FG, who was 12 years old and is presently either 14 or 15 years of age, as having received a call from Ms. Howrilka.  Barring any objections from the parties, I cannot believe this deposition will last more than 30-45 minutes.

   Finally, I request permission to conduct a 30(b)(6) deposition of a Department of Education employee who can speak to the circumstances surrounding Ms. Urena's departure from the Department of Education.  To be kind, the Howrilka-Urena relationship was less than warm and fuzzy.  Ms. Howrilka filed a complaint against Ms. Urena with SCI that alleged financial misconduct by Urena.  The complaint was substantiated in part.  Ms. Urena, according to Ms. Howrilka, falsely accused her of harassment, including falsely claiming to have called her at home.  Ms. Urena, for her part, has accused Ms. Howrilka of defamation.  The circumstances surrounding her separation from DOE bears on the issue of motive to lie, Ms. Howrilka's potential recovery of punitive damages and Ms. Urena's entitlement to damages as a result of any alleged defamation.

   I have so far ignored the elephant in the room.  Put simply, I am embarrassed by my conduct.  I have no rational explanation for it.  While I previously noted that I had personal issues that impacted upon me, I cannot and do not raise that excuse.  I can only indulge the Court to permit me time to conduct the depositions – I propose two months.

    Thank you for your consideration of these matters.  I will be prepared to discuss these matters and any others during the June 28, 2016 telephone conference.

               Respectfully submitted,

                /s

               Scott A. Korenbaum

SAK:sak

cc: Defense Counsel (by ECF)