UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

LYDIA HOWRILKA,

                                    Plaintiff,

-against-

CITY OF NEW YORK, P.O. LAWRENCE BOSCH, Shield No. Unknown, Tax Registry No. 933652, JOHN DOES 1 and 2, Shield Nos. Unknown, Tax Registry Nos. Unknown, ARISLEYDA URENA,

                                      Defendants.

**STIPULATION AND ORDER OF CONFIDENTIALITY**

15-CV-1113 (KAM) (RER)

---------------------------------------------------------------------x

        **WHEREAS**, defendants City of New York and Police Officer Lawrence Bosch ("the City Defendants") intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that it deems to be confidential or otherwise inappropriate for public disclosure; and

        **WHEREAS**, the City Defendants will only produce these documents if appropriate protection for their confidentiality is assured; and

        **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for plaintiff, attorneys for defendant Arisleyda Urena ("Urena") and the City Defendants, as follows:

        1.    As used herein, "Action" shall mean the pending action between plaintiff and defendants captioned <u>Lydia Howrilka v. City of New York, et al.</u>, 15-CV-1113 (KAM) (RER).

        2.    As used herein, "Confidential Materials" shall mean:

    a.    New York City Police Department ("NYPD") and Department of Education ("DOE") personnel and employment history and records;

    b.    NYPD disciplinary-related records and information regarding the conduct of Members of Service of the NYPD conducted by NYPD, the Civilian Complaint Review Board, or other agencies;

    c.    DOE disciplinary-related records and information regarding the conduct of employees of DOE conducted by DOE, the Department of Investigation, or other agencies;

    d.    NYPD training materials, including, but not limited to, the Patrol Guidelines, Administrative Guide, Operation Orders, training manuals, and directives;

    e.    Any other NYPD and/or DOE documents produced as part of <u>Monell</u> discovery; and

    f.    Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the City Defendants or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are obtained by plaintiff pursuant to the New York Freedom of Information Law ("FOIL") or are otherwise publicly available.

    3.    Plaintiff, plaintiff's attorney, Urena and Urena's attorney shall not use Confidential Materials produced in discovery in this Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

    4.    Plaintiff's attorney and Urena's attorney shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a.    Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

    b.    Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

    c.    Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. Plaintiff's attorney shall retain the signed consent and furnish a copy to defendants' attorney upon request at a deposition or immediately before trial, although the name of an expert that plaintiff does not intend to call as a trial witness may be redacted from such a consent before it is produced.

    5.    Plaintiff's counsel and Urena's counsel shall keep confidential for "attorney's eyes only" names, addresses, telephone numbers, social security numbers, dates of

birth, and other identifying personal information of witnesses, to the extent that such information is provided to plaintiff's attorney and/or Urena's attorney. Such information shall be used only by the attorney or his law firm or agents for the purpose of communication with witnesses or the service of subpoenas, and shall not be disclosed to plaintiff, plaintiff's family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

      6.    The City Defendants or their counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by:

(a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or

(b) notifying the reporter and all counsel of record, in writing, within 30 days of receipt of the transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by City Defendants or that party's counsel.

      7.    Inadvertent production of any confidential and/or privileged information shall not constitute a waiver of that information, or subject matter; and upon notification, plaintiff, Urena, and their attorneys shall promptly return or destroy the specified information and may not use or disclose the information until the claim is resolved.

      8.    If plaintiff's attorney or Urena's attorney objects to the designation of any other Confidential Materials deemed confidential, that counsel shall state such objection in writing

to counsel for the City Defendants, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting attorney shall, within 45 days of the initial objection, request that the Court remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

9. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal. If the Court grants permission for filing under seal, the filing shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an ordered by the United States District Court for the Eastern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

10. Nothing in this Stipulation shall be construed to limit the City Defendants' use of their own Confidential Materials in any manner.

11. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

12. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by plaintiff, Urena, their attorneys, or anyone receiving confidential documents pursuant to paragraph "2" herein.

13. The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: September 23, 2016
       New York, New York

SCOTT A. KORENBAUM, ESQ.
*Counsel for Plaintiff*
11 Park Place, Suite 914
New York, New York 10007

By: _____
       SCOTT A. KORENBAUM

TIMOTHY C. PARALTORE, ESQ.
*Counsel for Defendant Urena*
260 Madison Ave., 22nd Floor
New York, New York 10016

By: _____
       TIMOTHY C. PARALTORE

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Counsel for Defendants City and Bosch*
100 Church Street, Room 3-178
New York, New York 10007

By: _____
       TOBIAS E. ZIMMERMAN

SO ORDERED:

_____
HONORABLE RAMON E. REYES
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Stipulation and Order of Confidentiality entered in the United States District Court for the Eastern District of New York dated October __, 2015, in the action entitled <u>Lydia Howrilka v. City of New York, et al.</u>, 15-CV-1113 (KAM) (RER), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____  _____
Date                                                                    Signature

                                                              _____
                                                                           Print Name

                                                              _____
                                                                           Occupation